WILLIAM J. PAINE, *Appellant from decree of Judge of Probate, versus* SETH B. GOODWIN, *Ex'r.*

One, who by a will is to have a life estate in land, upon certain contingencies and conditions therein named, may appeal from the decree of the Judge of Probate allowing the account of the executor of the will.

ON EXCEPTIONS.

APPEAL from the decree of the Judge of Probate for this county, allowing the account of the appellee, as executor of the last will and testament of Edith M. Dyer.

It appeared that one Simeon Paine, by his warranty deed, duly executed, acknowledged and recorded, on Feb. 8, 1860, conveyed his homestead farm, situated in Augusta, to his daughter Edith M. Dyer, in consideration of one thousand dollars; that, on the same day, Edith M. Dyer executed and delivered a bond in the penal sum of one thousand dollars, to her father, conditioned for his support during life, &c.; that Edith M. Dyer, by her will, devised unto W. A. S. Paine the use of the farm during his life, provided he should support her father Simeon, as she was bound to do by her bond; that, by another provision in her will, she devised the use of the farm, during his life, to William J. Paine, (appellant,) after the decease of W. A. S. Paine, subject to the same conditions made in the devise to the latter; that the will was duly approved and allowed, the appellee was duly appointed and qualified as the executor thereof; that the executor presented his account, as executor, to the Probate Court for allowance, when the appellant appeared and opposed the allowance of it; that the Judge of Probate allowed such items of it as he saw fit, and the appellant appealed; that, upon the entry of the appeal in this Court, the executor moved to dismiss the appeal, on the ground that the appellant is not a party aggrieved within the meaning of the statute.

The presiding Judge overruled the motion and sustained the appeal; whereupon the appellee alleged exceptions.

*S. Lancaster*, for the appellee, cited *Wiggin* v. *Swett*, 6 Met., 197; *Smith* v. *Bradstreet*, 16 Pick., 264; *Bryant* v. *Allen*, 6 N. H., 116; *Deering* v. *Adams*, 34 Maine, 41; *Woodbury* v. *Hammond*, 54 Maine, 342; *Veazie Bank* v. *Young*, 53 Maine, 560; *Downing* v. *Porter*, 9 Mass., 386.

*G. C. Vose*, for the appellant.

Paine  *v.*  Goodwin.

KENT, J. — The law discourages and generally denies the right of intervention in litigated cases, by parties not interrested pecuniarily in the questions arising.  It is necessary to enforce such a rule to prevent the interference of those merely interested by feeling, sympathy or dislike or aversion, who might be willing to protract litigation between other parties, to gratify such feelings.

On the other hand, the law intends to give every facility for the full investigation of all questions and the settlement of all claims.  This is particularly true in relation to the questions arising in the Probate Court, touching the settlement of the estates of deceased persons, and the claims of executors and administrators or guardians.

The rule, in determining who are " aggrieved" within the meaning of the statute, is thus stated in *Deering* v. *Adams*, 34 Maine, 41.  "In legal acceptation, a party is aggrieved by such decree only when it operates on his rights of property, or bears directly upon his interests."

In this case, the appellant was very deeply interested in the settlement of this account.  By the will of the testatrix, he was to have a life estate in the land, upon a certain contingency.  But, if that real estate is required to pay debts of the deceased, the life estate must fail.  The executor renders an account, which, it is said, if allowed, will require the sale of the real estate.  Indeed, it is claimed that a petition for authority to make such a sale accompanied the account.  The appellant claims that he can show that the account should be so reduced, in the amount allowed, that no such sale would be required.

We think it clear that he is not such an unauthorized interloper as to require us to refuse him permission to be heard, on the ground that the decree does in no way " operate on his right of property, or bear directly upon his interests."          *Exceptions overruled. — Appeal sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.